UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BOBBY L. MITCHELL,<br>     No. 344383, | )<br>)<br>) |
| Petitioner, | )  No. 3:17-cv-00649<br>)  **CHIEF JUDGE CRENSHAW** |
| v. | )<br>) |
| WARDEN MIKE PARRIS, | )<br>) |
| Respondent. | ) |

## MEMORANDUM

Bobby L. Mitchell, an inmate of the Northwest Correctional Complex in Tiptonville, Tennessee, filed a *pro se, in forma pauperis* petition for writ of *habeas corpus* challenging the revocation of his parole. (Doc. No. 1).

**I.     Background**

The Petitioner does not cite any federal statutes in his petition. After carefully reviewing the petition, the Court questioned whether the Petitioner's intent was to file his petition in state court. Although the Petitioner mailed his petition to this Court, he includes a case number on his petition that seems to be linked to a pending state case. (Doc. No. 1 at 1). The Petitioner also lists "In the U.S. District Court of Davidson County, Tennessee, For the 20th Judicial District at Nashville" in the caption of his petition. (Id.) Further, the Petitioner cites to Tennessee Code Annotated § 29-21-101 as the basis for his petition, not to 28 U.S.C. § 2241 or § 2254–both federal statutes. (Id.)

Consequently, the Court directed the Petitioner to write to the Court and state whether he intended for his petition to be considered as a petition for writ of *habeas corpus* pursuant to § 2241 or § 2254; if so, the Court would review his petition after receiving his statement. However, if the

1

Petitioner intended for his petition to be reviewed by a state court, the Petitioner was directed to so notify the Court, and the Court would dismiss this action without prejudice so that the Petitioner could file his petition in state court. (Doc. No. 8). The Court specifically stated that it could not file the petition in state court for the Petitioner. (Id. at 2).

The Petitioner has not responded to the Court's Order, and the Court must now determine how to evaluate the petition. The Court believes that the Petitioner intended to file a state petition for writ of *habeas corpus* and mistakenly mailed the petition to this Court. However, out of an abundance of caution and taking into consideration the Petitioner's *pro se* status, the Court will consider whether the Court can offer any relief to the Petitioner in this Court.

28 U.S.C. § 2241 allows petitioners to challenge the execution of their state sentences. Here, because the Petitioner is not challenging the imposition of a conviction and/or sentence but rather the execution, § 2241 would be the more appropriate statute under which to evaluate the petition.

## II. Exhaustion of Administrative Remedies

It is axiomatic that one may not seek federal *habeas corpus* relief until he has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(B); Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995). Any alleged constitutional deprivation must be asserted through the state appellate process. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, [the Supreme Court] conclude[s] that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. The burden is on the petitioner to demonstrate compliance with the exhaustion

2

requirement or that the state procedure would be futile. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).

Section 2254(b)(1) states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(I) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b); Rose v. Lundy, 455 U.S. 509 (1982). The rules pertaining to 28 U.S.C. § 2254 cases are applicable to requests for *habeas corpus* relief brought pursuant to 28 U.S.C. § 2241. See Rule 1(b), Rules – § 2254 Cases.

**III. Analysis**

Based on the record before the Court, Petitioner has not met his burden of establishing that he has exhausted all available state court remedies. The petition fails to identify any state trial court or appellate action initiated or completed by the Petitioner regarding the claims of his petition. Consequently, his petition, if construed as a federal habeas petition pursuant to § 2241, must be dismissed without prejudice until the Petitioner properly exhausts his state court remedies. Rose, 455 U.S. at 522.

**IV. Conclusion**

For the reasons explained herein, the record does not demonstrate that the Petitioner has exhausted his state court remedies. Therefore, the petition must be denied, and this case must be dismissed without prejudice to refile upon the exhaustion of the Petitioner's state court remedies.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE